IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**FILED**
DEC 15 2016
Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:16CR170 |
| | § | Judge Crone |
| CHARLES NORMAN MORGAN (1) | § | |
| a.k.a. "Chuck" | § | |
| BIBIANA CORREA PEREA (2) | § | **SEALED** |
| a.k.a. "Bibi" | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 18 U.S.C. § 1956(h)
(Conspiracy to Commit Money Laundering)

Beginning in or about 2014, the exact date unknown to the Grand Jury, and continuing thereafter up to and including the date of the filing of this Indictment, in the Eastern District of Texas and elsewhere, **Charles Norman Morgan a.k.a. "Chuck"** and **Bibiana Correa Perea a.k.a. "Bibi,"** the defendants herein, did knowingly, willfully and unlawfully conspire and agree together with other persons known and unknown to the Grand Jury, to:

(a) conduct and attempt to conduct financial transactions affecting interstate and foreign commerce and to transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds represented by a law enforcement officer to be the proceeds of a specified unlawful activity to wit: distribution or conspiracy to

Indictment
Page 1

distribute or possess with the intent to distribute a controlled substance or substances from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of the specified unlawful activity and believing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds and that while conducting and attempting to conduct such financial transactions, the defendant believed that the property involved in the financial transactions, that is, United States currency, represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §1956(a)(3);

(b) conduct and attempt to conduct financial transactions affecting interstate and foreign commerce and to transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States, which involved the proceeds of a specified unlawful activity, to wit: distribution or conspiracy to distribute or possess with the intent to distribute a controlled substance or substances with the intent to promote the carrying on of the specified unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions, that is, United States currency, represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§1956(a)(1)(A)(i), (a)(1)(B)(i) and (a)(2)(A), (a)(2)(B)(i); and,

Indictment
Page 2

(c) engage, or attempt to engage, in a monetary transaction in an amount greater than $10,000 by, though, or to a financial institution with proceeds of a specified unlawful activity, that is, conspiracy to distribute or possess with the intent to distribute a controlled substance or substances in violation of 18 U.S.C. § 1957.

All in violation of 18 U.S.C. § 1956(h).

## Count Two

>Violation: 18 U.S.C. §§ 1503 and 2
>(Obstruction of Justice and Aiding and Abetting)

Beginning in or about 2014, the exact date unknown to the Grand Jury, and continuing thereafter up to and including the date of the filing of this Indictment, in the Eastern District of Texas and elsewhere, **Charles Norman Morgan a.k.a. "Chuck"** and **Bibiana Correa Perea a.k.a. "Bibi,"** the defendants herein, aided and abetted by each other, did knowingly, intentionally and corruptly endeavor to influence, obstruct and impede the due administration of justice in *United States v. Segundo Villota-Segura and Aldemar Villota-Segura, et al.*, in the Eastern District of Texas by promising defendants they could influence government officials to help them in their case.

In violation of 18 U.S.C. §§ 1503 and 2.

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

### Criminal Forfeiture Pursuant to 21 U.S.C. § 853

As a result of committing the offenses charged in this Indictment, the defendants herein may have used or intended to use, property to commit or facilitate the offenses and/or property derived from proceeds obtained directly or indirectly as a result of the commission of the violation of the offenses charged in Counts One and Two of the Indictment. Including the following:

Approximately $1,500,000.00 in proceeds in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offenses alleged in this Indictment.

All such proceeds and/or instrumentalities are subject to forfeiture by the government.

A TRUE BILL

_____
GRAND JURY FOREPERSON

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

_____
HEATHER HARRIS RATTAN
Assistant United States Attorney

12-15-16
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:16CR<br>Judge |
| CHARLES NORMAN MORGAN (1)<br>a.k.a. "Chuck"<br>BIBIANA CORREA PEREA (2)<br>a.k.a. "Bibi" | § § § § | |

## NOTICE OF PENALTY

### Count One

Violation: 18 U.S.C. § 1956(h)

Penalty: Imprisonment for not more than twenty (20) years, a fine not to exceed $500,000.00 or twice the value of the property involved in the transaction, whichever is greater, or both. A term of supervised release of at least three (3) years.

Special Assessment: $100.00

### Count Two

Violation: 18 U.S.C. §§ 1503 and 2

Penalty: Imprisonment for not more than ten (10) years, a fine not to exceed $250,000.00 or twice the value of the property involved in the transaction, whichever is greater, or both. A term of supervised release of not more than three (3) years.

Special Assessment: $100.00